


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>-against-<br><br>DEUTSCHE BANK AG, DB STRUCTURED PRODUCTS, INC., DEUTSCHE BANK SECURITIES INC., and MORTGAGEIT, INC.,<br><br>                Defendants. | 11 Civ. 2976 (LAK)<br><br>STIPULATION AND ORDER OF SETTLEMENT AND DISMISSAL |

      WHEREAS, this Stipulation and Order of Settlement and Dismissal (the "Stipulation") is entered into by and among the United States of America, by its attorney Preet Bharara, United States Attorney for the Southern District of New York, and on behalf of the U.S. Department of Housing and Urban Development ("HUD") and the Federal Housing Administration ("FHA") (collectively, the "United States" or "Government"); defendants Deutsche Bank AG ("DBAG"), DB Structured Products, Inc. ("DBSP"), and Deutsche Bank Securities Inc. ("DBSI") (together, the "DB Defendants"), along with MortgageIT, Inc. ("MortgageIT") (collectively, "Defendants") by their authorized representatives;

      WHEREAS, MortgageIT is a New York business corporation with its principal place of business in Manhattan, and became a wholly-owned, indirect subsidiary of DBSP in January 2007, when its corporate parent, MortgageIT Holdings, Inc., was merged into a wholly-owned, indirect subsidiary of DBSP;

      WHEREAS, DBSI and DBSP are wholly-owned subsidiaries of DBAG with their principal places of business in Manhattan; and DBAG is a German business corporation with a branch office in Manhattan;

WHEREAS, from 1999 to 2009, MortgageIT was a participant in the Direct Endorsement Lender program (the "DEL Program"), a Government program administered by the FHA that authorizes private-sector mortgage lenders ("Direct Endorsement Lenders") to approve mortgage loans for insurance by the FHA;

WHEREAS, MortgageIT withdrew from the DEL Program in 2009, and has not approved any mortgage loans for insurance by the FHA since its withdrawal;

WHEREAS, on or about May 3, 2011, the Government commenced a civil action (the "Civil Action") pursuant to the False Claims Act, 31 U.S.C. § 3730(a), by filing a complaint in the United States District Court for the Southern District of New York (the "Court") against DBAG and MortgageIT; and on August 22, 2011, the Government filed a First Amended Complaint against Defendants in the Civil Action (the "Complaint");

WHEREAS, the Government's Complaint alleges that from 1999 through 2009 (the "Covered Period"), Defendants submitted false certifications to FHA and HUD concerning compliance with DEL Program rules and endorsed loans for FHA insurance in violation of DEL Program rules, and that, as a result, the Government has incurred substantial losses in connection with loans that MortgageIT endorsed for FHA insurance during the Covered Period;

WHEREAS, the Government's Complaint further alleges that Defendants are liable under the False Claims Act, 31 U.S.C. §§ 3729 *et seq.*, and the common law theories of breach of fiduciary duty, gross negligence, negligence, and indemnification;

WHEREAS, the conduct alleged in the Government's Complaint and Defendants' acts or omissions arising out of or relating to the origination, underwriting, or endorsement of all FHA-insured single family residential mortgage loans by Defendants through the Effective Date pursuant to the DEL Program, shall be defined as the "Covered Conduct"; and

WHEREAS, the Government and Defendants have reached a mutually-agreeable resolution addressing Defendants' conduct through this Stipulation;

NOW, THEREFORE, upon agreement of the parties to this Stipulation (each a "Party," and collectively, the "Parties"), IT IS HEREBY ORDERED that:

### TERMS AND CONDITIONS

1.  The Court's subject matter jurisdiction over this action is undisputed and Defendants consent to the Court's exercise of personal jurisdiction over them in this action.

2.  MortgageIT admits, acknowledges, and accepts responsibility for the following conduct alleged in the Government's Complaint:

    (a) As a Direct Endorsement Lender, MortgageIT was required to comply with certain HUD-FHA requirements.

    (b) During the Covered Period, on an annual basis, MortgageIT submitted certifications to HUD on a Title II Yearly Verification Report or equivalent form (the "annual certifications").

    (c) The annual certifications required the signatory to certify, among other things, that he or she "kn[e]w, or [wa]s in the position to know, whether the operations of [MortgageIT] conform[ed] to HUD-FHA regulations, handbooks, and policies," and that, to the best of the signatory's knowledge, MortgageIT "conform[ed] to all HUD-FHA regulations necessary to maintain its HUD-FHA approval." The annual certifications were signed by officers or authorized representatives of MortgageIT.

    (d) During the Covered Period, HUD-FHA rules required all Direct Endorsement Lenders, among other things, to (i) maintain a quality control program that complied with HUD-FHA requirements; and (ii) conduct a full review of all early

3

payment defaults ("EPDs") on loans endorsed for FHA insurance. MortgageIT failed to conform fully to either of these requirements.

(e) As a result of the conduct described above, contrary to the representations in MortgageIT's annual certifications, MortgageIT did not conform to all applicable HUD-FHA regulations during the Covered Period.

(f) For every mortgage loan that MortgageIT endorsed for FHA mortgage insurance pursuant to the DEL Program, MortgageIT submitted a Form HUD 92900-A, or an equivalent form, to HUD-FHA ("loan-level certifications").

(g) In each loan-level certification, MortgageIT certified to HUD-FHA that the loan was eligible for FHA mortgage insurance under the DEL Program.

(h) During the Covered Period, MortgageIT endorsed for FHA mortgage insurance pursuant to the DEL Program certain loans that did not meet all underwriting requirements contained in HUD's handbooks and mortgagee letters, and therefore were not eligible for FHA mortgage insurance under the DEL Program.

(i) As a result, MortgageIT submitted to HUD-FHA certifications stating that certain loans were eligible for FHA mortgage insurance when in fact they were not; FHA insured certain loans endorsed by MortgageIT that were not eligible for FHA mortgage insurance; and HUD consequently incurred losses when some of those MortgageIT loans defaulted.

(j) MortgageIT became a wholly-owned, indirect subsidiary of DBSP and DBAG in January 2007. During the period when MortgageIT was a wholly-owned, indirect subsidiary of DBSP and DBAG, one or more of the annual certifications was signed by an individual who was also an officer of certain of the DB Defendants.

4

3. The DB Defendants admit, acknowledge, and accept responsibility for the fact that after MortgageIT became a wholly-owned, indirect subsidiary of DBSP and DBAG in January 2007, the DB Defendants were in a position to know that the operations of MortgageIT did not conform fully to all of HUD-FHA's regulations, policies, and handbooks; that one or more of the annual certifications was signed by an individual who was also an officer of certain of the DB Defendants; and that, contrary to the representations in MortgageIT's annual certifications, MortgageIT did not conform to all applicable HUD-FHA regulations.

4. Defendants shall pay to the Government $202.3 million within thirty days of the Effective Date (defined in Paragraph 24 below) (the "Settlement Amount").

5. Payment of the Settlement Amount pursuant to this Settlement Agreement shall be made at https://www.pay.gov to the U.S. Department of Justice account in accordance with written instructions to be provided within ten days of the Effective Date by the Financial Litigation Unit of the United States Attorney's Office for the Southern District of New York. Any amounts distributed to HUD-FHA pursuant to this Stipulation may be deposited into FHA's Capital Reserve Account.

6. Subject to the exceptions in Paragraph 8 below (concerning excluded claims), conditioned upon Defendants' full payment of the Settlement Amount, and subject to Paragraph 13 below (concerning bankruptcy proceedings commenced within 91 days of the Effective Date or the date of any payment made under this Stipulation), the Government, on behalf of its officers, agencies and departments (including HUD), releases Defendants and all of their current and former officers, directors, employees, parents, subsidiaries, affiliates, agents, attorneys and assigns (collectively, the "Releasees") from any civil or administrative monetary claim the United States has for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729 *et*

*seq.*; the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a; the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1833a *et seq.*; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801 *et seq.*; and common law theories of negligence, payment by mistake, unjust enrichment, money had and received, breach of fiduciary duty, conspiracy, misrepresentation, deceit, fraud, indemnification, and aiding and abetting any of the foregoing.

7. Defendants release the United States, its agencies, officers, agents, employees, and servants, from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated) that Defendants have asserted, could have asserted, or may assert in the future, against the United States, its agencies, officers, agents, employees, and servants, related to the Covered Conduct and the United States' investigation and prosecution thereof.

8. Notwithstanding the release given in Paragraph 6, or any other term of this Stipulation, the following claims of the United States are specifically reserved and are not released:

    (a) Any liability arising under Title 26 of the United States Code (Internal Revenue Code);

    (b) Any criminal liability;

    (c) Except as explicitly stated in this Agreement, including Paragraph 6 above, any administrative liability, including the suspension and debarment rights of any federal agency;

    (d) Any liability arising out of or relating to mortgage loans other than loans originated or underwritten by Defendants and insured by FHA;

6

(e) Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct; and

(f) Any liability based upon obligations created by this Stipulation;

9. Defendants shall be in default of this Stipulation if they fail to make the payment set forth in Paragraph 4 above by the due date stated therein ("Default"). The Government shall provide written notice to Defendants of any Default, to be sent by first-class certified mail to the undersigned attorney for Defendants. Defendants shall then have an opportunity to cure the Default within seven (7) business days from the date of receipt of the notice of Default. In the event that a Default is not fully cured within seven (7) business days of the receipt of the notice of Default ("Uncured Default"), the full Settlement Amount shall be immediately due and payable, and interest shall accrue at the rate of nine percent per annum compounded annually on the remaining unpaid principal balance, beginning seven (7) business days after mailing of the notice of Default. In the event of an Uncured Default, Defendants agree to the entry of a consent judgment in the form attached hereto as Exhibit A, and further agree that the United States, at its option, may (a) rescind this Stipulation and reinstate the Government's Complaint; (b) seek specific performance of this Stipulation; (c) offset the remaining unpaid balance of the Settlement Amount from any amounts due and owing any Defendant by any department, agency, or agent of the United States at the time of Default; or (d) exercise any other rights granted by law, or under the terms of this Stipulation, or recognizable at common law or in equity. Defendants shall not contest any offset imposed or any collection undertaken by the Government pursuant to this Paragraph, either administratively or in any court. In addition, Defendants shall pay the Government all reasonable costs of collection and enforcement under this Paragraph, including attorney's fees and expenses. In the event that the United States opts to rescind this

7

Stipulation pursuant to this Paragraph, Defendants shall not plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any civil or administrative claims that relate to the Covered Conduct, except to the extent such defenses were available on the Effective Date.

10. Defendants waive and shall not assert any defenses they may have to any criminal prosecution relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause of the Fifth Amendment of the Constitution or under the Excessive Fines Clause of the Eighth Amendment of the Constitution, this Stipulation bars a remedy sought in such criminal prosecution. Nothing in this Paragraph or any other provision of this Stipulation constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of the Internal Revenue laws, Title 26 of the United States Code.

11. a. Unallowable Costs Defined: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47) incurred by or on behalf of Defendants, and their present or former officers, directors, employees, shareholders, and agents in connection with:

(1) the matters covered by this Stipulation;

(2) the United States' audit(s) and civil investigation(s) of the matters covered by this Stipulation;

(3) Defendants' investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and civil investigation(s) in connection with the matters covered by this Stipulation (including attorney's fees);

8

    (4)  the negotiation and performance of this Stipulation;

    (5)  the payment Defendants make to the United States pursuant to this Stipulation,

are unallowable costs for government contracting purposes (hereinafter referred to as Unallowable Costs).

  b.  Future Treatment of Unallowable Costs: Unallowable Costs will be separately determined and accounted for by Defendants, and Defendants shall not charge such Unallowable Costs directly or indirectly to any contract with the United States.

  c.  Treatment of Unallowable Costs Previously Submitted for Payment: Within 90 days of the Effective Date of this Agreement, Defendants shall identify and repay by adjustment to future claims for payment or otherwise any Unallowable Costs included in payments previously sought by Defendants or any of their subsidiaries or affiliates from the United States. Defendants agree that the United States, at a minimum, shall be entitled to recoup from Defendants any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs on previously-submitted requests for payment. The United States, including the Department of Justice and/or the affected agencies, reserves its rights to audit, examine, or re-examine Defendants' books and records and to disagree with any calculations submitted by Defendants or any of their subsidiaries or affiliates regarding any Unallowable Costs included in payments previously sought by Defendants, or the effect of any such Unallowable Costs on the amount of such payments.

9

12. Except as expressly provided in this Stipulation, this Stipulation is intended to be for the benefit of the Parties only. The Parties are not releasing any claims against any other person or entity except as expressly provided in this Stipulation.

13. The DB Defendants represent and warrant that they have reviewed their financial situation, that they are currently not insolvent as such term is defined in 11 U.S.C. § 101(32) and that they reasonably believe that they shall remain solvent following payment to the Government of the Settlement Amount. Further, the Parties warrant that, in evaluating whether to execute this Stipulation, they (a) have intended that the mutual promises, covenants, and obligations set forth constitute a contemporaneous exchange for new value given to Defendants, within the meaning of 11 U.S.C. § 547(c)(1); and (b) have concluded that these mutual promises, covenants, and obligations do, in fact, constitute such a contemporaneous exchange. Further, the Parties warrant that the mutual promises, covenants, and obligations set forth herein are intended to and do, in fact, represent a reasonably equivalent exchange of value that is not intended to hinder, delay, or defraud any entity to which Defendants were or became indebted to on or after the date of this Stipulation, within the meaning of 11 U.S.C. § 548(a)(1).

14. If within 91 days of the Effective Date of this Stipulation or any payment made under this Stipulation, Defendants commence any case, action, or other proceeding under any law relating to bankruptcy, insolvency, reorganization, or relief of debtors or a third party commences any case, action, or other proceeding under any law related to bankruptcy, insolvency, reorganization, or relief of debtors (a) seeking an order for relief of Defendants' debts, or seeking to adjudicate Defendants as bankrupt or insolvent; or (b) seeking appointment of a receiver, trustee, custodian, or other similar official for Defendants or for all or part of Defendants' assets, Defendants agree as follows:

(a)     Defendants' obligations under this Stipulation may not be avoided pursuant to 11 U.S.C. § 547, and Defendants shall not argue or otherwise take the position in any such case, action, or proceeding that (i) Defendants' obligations under this Stipulation may be avoided under 11 U.S.C. § 547; (ii) Defendants were insolvent at the time this Stipulation was entered into; or (iii) the mutual promises, covenants, and obligations set forth in this Stipulation do not constitute a contemporaneous exchange for new value given to Defendants.

(b)     If any of Defendants' obligations under this Stipulation are avoided for any reason, including, but not limited to, through the exercise of a trustee's avoidance powers under the Bankruptcy Code, the Government, at its option, may rescind the release in this Stipulation and bring any civil and/or administrative claim, action, or proceeding against Defendants for the claims that would otherwise be covered by the release in Paragraph 6 above. Defendants agree that (i) any such claim, action, or proceeding brought by the Government would not be subject to an "automatic stay" pursuant to 11 U.S.C. § 362(a) as a result of the case, action, or proceeding described in the first clause of this Paragraph, and Defendants shall not argue or otherwise contend that the Government's claim, action, or proceeding is subject to an automatic stay; (ii) Defendants shall not plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any claim, action, or proceeding that is brought by the Government within 60 calendar days of written notification to Defendants that the release has been rescinded pursuant to this Paragraph, except to the extent such defenses were available on the Effective Date; and (iii) the Government has a valid claim against Defendants in the amount of $202.3 million and

the Government may pursue its claim in the case, action, or proceeding described in the first clause of this Paragraph, as well as in any other case, action, or proceeding.

(c) Defendants acknowledge that their agreements in this Paragraph are provided in exchange for valuable consideration provided in this Stipulation.

15. Each Party shall bear its own and its employees' legal and other costs incurred in connection with this matter, including the preparation and performance of this Stipulation.

16. Any failure by the Government to insist upon the strict performance of any of the provisions of this Stipulation shall not be deemed a waiver of any of the provisions hereof, and the Government, notwithstanding that failure, shall have the right thereafter to insist upon strict performance of any and all of the provisions of this Stipulation.

17. This Stipulation is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Stipulation is the United States District Court for the Southern District of New York. For purposes of construing this Stipulation, this Stipulation shall be deemed to have been drafted by all Parties to this Stipulation and shall not, therefore, be construed against any Party in any subsequent dispute.

18. Subject to the exceptions set forth in this Stipulation, and in consideration of the obligations of Defendants set forth in this Stipulation, and conditioned upon Defendants' full compliance with the terms of this Stipulation, the Government shall dismiss with prejudice the Government's Complaint, provided, however, that the Court shall retain jurisdiction over this Stipulation and each Party to enforce the obligations of each Party under this Stipulation.

19. Except to the extent otherwise explicitly stated in writing, this Stipulation constitutes the complete agreement between the Parties. This Stipulation may not be amended except by written consent of the Parties.

20. The undersigned counsel represent and warrant that they are fully authorized to execute this Stipulation on behalf of the persons and entities indicated below.

21. All Parties consent to the Government's disclosure of this Stipulation, and information about the Stipulation, to the public.

22. This Stipulation may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Stipulation. Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Stipulation.

23. Any notices pursuant to this Stipulation shall be in writing and shall be delivered by hand, express courier, or facsimile transmission followed by postage-prepaid certified mail, and shall be addressed as follows:

IF TO THE UNITED STATES:

> Lara K. Eshkenazi
> Pierre G. Armand
> Christopher B. Harwood
> Assistant United States Attorneys
> United States Attorney's Office
> Southern District of New York
> 86 Chambers Street, Third Floor
> New York, New York 10007
> Facsimile: (212) 637-2702

IF TO DEFENDANTS:

> Andrew J. Levander
> Linda C. Goldstein
> Michael H. Park
> Dechert LLP
> 1095 Avenue of the Americas
> New York, New York 10036
> Facsimile: (212) 698-3599

24. The effective date of this Stipulation is the date upon which this Stipulation is entered by the Court (the "Effective Date").

[SIGNATURE PAGE TO FOLLOW]

Agreed to by:

THE UNITED STATES OF AMERICA

Dated:     New York, New York
           May 9, 2012

                              PREET BHARARA
                              United States Attorney for the
                              Southern District of New York

                         By:  /s/ Lara K. Eshkenazi
                              Lara K. Eshkenazi
                              Pierre G. Armand
                              Christopher B. Harwood
                              Assistant United States Attorney
                              86 Chambers Street, Third Floor
                              New York, New York 10007

                              *Attorneys for the United States of America*

14

DEUTSCHE BANK AG, DB STRUCTURED PRODUCTS, INC.,
DEUTSCHE BANK SECURITIES INC., AND MORTGAGEIT, INC.

Dated: New York, New York
May ___, 2012

By: _____
Andrew J. Levander
Linda C. Goldstein
Michael H. Park
Dechert LLP
1095 Avenue of the Americas
New York, New York 10036

*Attorneys for Deutsche Bank AG, DB Structured Products, Inc., Deutsche Bank Securities Inc., and MortgageIT, Inc.*

Dated: New York, New York
May 9, 2012

By: _____
Title: Managing Director & Associate General Counsel

By: _____
Title: Director & Senior Counsel

*Deutsche Bank AG, New York*

Dated: New York, New York
May 9, 2012

By: _____
Title: President

By: _____
Title: Managing Director

*DB Structured Products, Inc.*

15

Dated: New York, New York
May 4, 2012

By: _____
Title: Managing Director

By: _____
Title: Managing Director

*Deutsche Bank Securities Inc.*

Dated: New York, New York
May 9, 2012

By: _____
Title: President

By: _____
Title: Managing Director

*MortgageIT, Inc.*

The action is dismissed with prejudice and subject to the provisions of paragraph 18.

SO ORDERED:

_____
HON. LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE

5/10/12

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

          Plaintiff,

-against-

DEUTSCHE BANK AG, DB STRUCTURED
PRODUCTS, INC., DEUTSCHE BANK
SECURITIES INC., and MORTGAGEIT, INC.,

          Defendants.

11 Civ. 2976 (LAK)

CONSENT JUDGMENT

---

    Upon the consent of plaintiff the United States of America and defendants Deutsche Bank AG, DB Structured Products, Inc., Deutsche Bank Securities Inc., and MortgageIT, Inc., following entry of a stipulation and order of settlement; it is hereby

    ORDERED, ADJUDGED AND DECREED: That plaintiff the United States of America is awarded judgment in the sum of $202,300,000 as of May ___, 2012, as against defendants Deutsche Bank AG, DB Structured Products, Inc., Deutsche Bank Securities Inc., and MortgageIT, Inc., jointly and severally, plus any and all applicable post-judgment interest as permitted by law.

Consented to by:

PREET BHARARA
United States Attorney for the
Southern District of New York

By: _____
Lara K. Eshkenazi
Pierre G. Armand
Christopher B. Harwood
Assistant United States Attorneys

86 Chambers Street, Third Floor
New York, New York 10007
Telephone No. (212) 637-2800
Facsimile No. (212) 637-2702
Email: lara.eshkenazi@usdoj.gov
       pierre.armand@usdoj.gov
       christopher.harwood@usdoj.gov
*Attorneys for the United States of America*

DECHERT LLP

By: _____

Andrew J. Levander
Linda C. Goldstein
Michael H. Park
1095 Avenue of the Americas
New York, New York 10036
Telephone No. (212) 698-3500
Facsimile No. (212) 698-3599
Email: andrew.levander@dechert.com
       linda.goldstein@dechert.com
       michael.park@dechert.com

*Attorneys for Deutsche Bank AG, DB Structured Products, Inc., Deutsche Bank Securities Inc., and MortgageIT, Inc.*

Dated: New York, New York
       May ___, 2012

So Ordered:

_____
Hon. Lewis A. Kaplan
United States District Judge

Clerk of Court

By: _____

Deputy Clerk

2